IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| CHRISTOPHER ATHEY | § | |
| v. | § | CIVIL ACTION NO. 6:17cv594 |
| T. THOMAS, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
ON DEFENDANT PATRICK MULDOWNEY'S MOTION TO DISMISS

The Plaintiff Christopher Athey, a prisoner of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The named Defendants are Officer T. Thomas, Lt. Thomas Killman, Sgt. Chandler, Nurse Robert Peritt, and Physician's Assistant Patrick Muldowney. This Memorandum Opinion concerns the motion to dismiss filed by Physician's Assistant Muldowney.

**I. Background**

Athey asserts that he was assaulted by Killman and Chandler on October 23, 2015, in an incident instigated by Thomas. He complained that Muldowney did not remove him from the field squad for his medical restrictions after the assault.

Muldowney filed a motion to dismiss asserting that Athey did not exhaust his administrative remedies. He stated that although Athey filed a Step One grievance complaining that he should be medically unassigned, he did not mention Muldowney by name and did not file a Step Two appeal of this grievance.

1

Athey filed two responses to this motion to dismiss. In the first of these, he stated that he filed another grievance, concerning the alleged assault, which he did appeal to Step Two. In his second response, he argued that the exhaustion requirement applies to "prison conditions" lawsuits but his claim against Muldowney is one of deliberate indifference, which he states is not prison policy or custom and thus does not amount to a "conditions of confinement" claim. Athey also maintained that either the facts were being withheld or the practice manager who answered the Step One grievance failed to investigate it adequately. He further contended that he was not in the Texas Department of Criminal Justice at the time he filed suit, and records show that Athey was in the McLennan County Jail when he instituted the lawsuit.

## II. The Report of the Magistrate Judge

After review of the pleadings, the Magistrate Judge issued a Report recommending that the motion to dismiss be granted. The Magistrate Judge observed that the grievance which Athey filed concerning his medical care was not appealed to Step Two, while the grievance which he filed concerning the alleged assault which was appealed to Step Two did not mention his medical care at all. Thus, the Magistrate Judge concluded that neither of these grievances could serve to exhaust Athey's administrative remedies. *See Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004).

Although Athey argued that he did not have to exhaust administrative remedies because his lawsuit was not about "prison conditions," the Magistrate Judge stated that according to the Supreme Court, the exhaustion requirement applies "to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). After rejecting Athey's contention that the grievance process was futile, the Magistrate Judge stated that Athey had ample time to exhaust his administrative remedies between the incidents in October of 2015 and his release from TDCJ on parole in January of 2017, and thus could not point to his release to argue that the exhaustion requirement should be excused. *See Hanna v. Anderson*, 624 F.App'x 186, 2015 U.S. App. LEXIS 15747, (5th Cir., September 1, 2015) (rejecting claim that exhaustion was excused

where the prisoner was released from the Bossier Parish Correctional Center some 16 hours after the incident occurred and was never re-incarcerated in that facility, despite inmate's claim that he could not have filed a grievance during those 16 hours because he had no writing materials). The Magistrate Judge therefore determined that Athey failed to exhaust his administrative remedies and recommended that the motion to dismiss be granted.

**III. Athey's Objections to the Report**

In his objections, Athey first argues that while he did not specify Muldowney by name in his grievance concerning his medical claims, it is clear that Muldowney is who he meant, but he did not have the name. As the Magistrate Judge stated, Athey did not appeal this grievance to Step Two. Thus, even assuming that Muldowney can be identified as the individual cited in the grievance, Athey did not exhaust his administrative remedies with regard to this grievance. *Johnson*, 385 F.3d at 515 (TDCJ prisoner must pursue a grievance through both steps for it to be considered exhausted); *Kidd v. Livingston*, 463 F.App'x 311, 2012 U.S. App. LEXIS 3970, 2012 WL 614372 (5th Cir., February 28, 2012) (TDCJ prisoners must pursue both steps of the prison grievance procedure in a procedurally proper manner). Athey's objections on this point are without merit.

Next, Athey stated that *Jones v. Bock*, 549 U.S. 199, 202, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007), eliminated the burden on the prisoner to plead and prove exhaustion of administrative remedies. The Magistrate Judge did not place the burden on Athey to plead or prove exhaustion. Instead, the Defendant Patrick Muldowney raised the issue of exhaustion in a motion to dismiss. Athey did not dispute Muldowney's characterization of the two grievances which he filed, one concerning his medical claims which he did not appeal to Step Two and one concerning the use of force incident which he did appeal to Step Two. These grievances were attached to Athey's complaint, making them part of the pleadings under Fed. R. Civ. P. 10(c). *See* docket no. 1, pp. 6-12. A review of the pleadings shows that Muldowney correctly argued that Athey failed to exhaust his administrative remedies. Athey's objections on this point are without merit.

3

**IV. Conclusion**

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 36) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the Defendant Patrick Muldowney's motion to dismiss for failure to exhaust administrative remedies (docket no. 23) is **GRANTED** and the Plaintiff's claims against Muldowney are **DISMISSED WITH PREJUDICE**. The Defendant Patrick Muldowney is **DISMISSED** as a party to the lawsuit. This order shall have no effect upon the remaining claims or defendants in the lawsuit.

So **ORDERED** and **SIGNED March 9, 2019.**

_____
Ron Clark, Senior District Judge