IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| CHRISTOPHER ATHEY | § | |
| v. | § | CIVIL ACTION NO. 6:17cv594 |
| T. THOMAS, ET AL. | § | |

**MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ORDER GRANTING DEFENDANT THOMAS' MOTION
FOR JUDGMENT ON THE PLEADINGS**

The Plaintiff Christopher Athey, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged deprivations of his constitutional rights. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. As Defendants, Athey named Officer Tracey Thomas, Lt. Thomas Killman, Sgt. Chandler, Nurse Robert Peritt, and Physician Assistant Patrick Muldowney. This Order concerns Officer Thomas' motion for judgment on the pleadings.

**I. Background**

Athey complains of a use of force incident occurring on October 23, 2015. He stated that he had a lay-in pass that morning for an ID photograph, so when he was called out for work, he went to show the pass to his work supervisor. In order to get from B-side, where he lived, to A-side, where the maintenance department turned out for work, Athey explained that he had to cross in front of all four chow halls and the Officer Dining Room (ODR). He had to pass through two gates in front of the officer dining room, which together were called the "OM gate." Officer Thomas was working at the OM gate.

Athey stated that he passed through the OM gate going to A-side without a problem, but as he was returning to the dorm, Officer Thomas began yelling "where are you going?" He told her that he was returning to the dorm because he had a lay-in and the maintenance workers had already gone out through the A-side turnout, but Thomas began yelling "you're out of place" and demanding his ID. When Athey replied that he was not out of place because he had a lay-in, he stated that Thomas then began yelling that he was lying.

According to Athey, he asked her to let him speak to the sergeant. A group of younger officers came through the gate and Thomas demanded that one of them get Athey's ID, but none of the officers complied.

At that point, Athey states that Officer Thomas put out an ICS (incident control system) call over the radio and Sgt. Chandler and Lt. Killman arrived. Athey asserts that they handcuffed him, slammed him against the fence, and asked "what did you do?" Athey replied that he had asked to speak to a sergeant to informally resolve the situation, and the officers told him that he was going to 12 Building (segregation).

Athey states that Sgt. Chandler and Lt. Killman called for a video camera and walked him to the infirmary. He saw some nurses, who asked if he had been injured during the use of force. Athey told them he had received a black eye and an injured neck, but the nurses "didn't even take any X-rays or anything."

Instead, Athey states that he was put in 12 Building overnight, but the next day, he was moved to 7 Building. He says some officers told him that if he had really done anything wrong, he would not have been released from segregation that quickly.

Officer Thomas has filed a motion for judgment on the pleadings arguing that asking for Athey's ID, ordering other officers to get it, and putting out a call on the radio did not amount to a use of force, nor did these actions violate Athey's constitutional rights. She also invoked qualified and Eleventh Amendment immunity.

In response, Athey maintained that Officer Thomas "acted in concert" with Killman and Chandler and there was no need for a use of force or the initiation of an ICS. He contended that it was "objectively unreasonable" for Thomas to refuse to accept the fact that he had a lay-in. Athey further asserted that Thomas violated his rights when she mischaracterized the situation and called an ICS instead of simply summoning a ranking officer to verify that Athey had a lay-in. Athey stated that Thomas was not entitled to Eleventh Amendment immunity because she was not acting in her official capacity when she violated his rights and that he was not suing TDCJ, but Thomas herself.

## II. The Report of the Magistrate Judge

After review of the pleadings, the Magistrate Judge issued a Report recommending that Officer Thomas' motion for judgment on the pleadings be granted. After setting out the standards applicable to motions for judgment on the pleadings, the Magistrate Judge stated that Athey did not allege that Officer Thomas asked Killman or Chandler to use excessive force or that she could reasonably foresee that the officers were about to do so. Instead, Athey's pleadings indicate that Thomas did not believe him when he told her that he had a lay-in. She told him to give her his ID, but he did not comply. When a group of officers did not get his ID, Thomas initiated an ICS.

The Magistrate Judge determined that according to Athey's pleadings, Killman and Chandler initiated the use of excessive force without any urging from Thomas. Although Athey argued that the calling of the ICS was an over-reaction and Thomas should have handled the situation differently, Athey offered nothing to suggest that the calling of the ICS caused the use of force rather than the actions of Killman and Chandler, nor that Thomas should have foreseen these actions. The Magistrate Judge also concluded that Thomas was entitled to qualified and Eleventh Amendment immunity.

## III. Athey's Objections to the Report

In his objections, Athey asserts that all prison inmates and officers know that it is standard procedure to call for a ranking officer to investigate and informally resolve a situation before a

3

correctional officer takes a prisoner's ID to write a disciplinary case. Athey further states that all inmates and officers know that when an officer initiates an ICS, this is a call for all available officers to respond and to be prepared to use force. Thus, he argues that the Magistrate Judge was incorrect in stating that Athey did not allege that Thomas asked Killman and Chandler to use excessive force on him or that she could reasonably foresee that they would do so.

The TDCJ Disciplinary Rules and Procedures for Offenders (available online at https://www.tdcj.texas.gov/documents/cid/Disciplinary_Rules_and_Procedures_for_Offenders_English.pdf) provides that if an employee has knowledge of any act by a prisoner which is a violation of the rules and regulations of TDCJ, the employee shall attempt to resolve the matter informally. If the incident cannot be resolved informally by the employee, then the employee shall either bring the matter to the attention of the supervisor on duty or complete an offense report form, whichever is appropriate at the time of the incident. This does not indicate that Thomas was required to call a supervisor prior to obtaining Athey's ID.

Even had Thomas violated TDCJ procedures by not calling a supervisor to resolve the matter informally before obtaining Athey's ID, this would not amount to a constitutional violation. *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996); *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986) (violation of prison rules alone is not sufficient to rise to the standards of a constitutional claim). This objection is without merit.

Although Athey argues that the calling of an ICS summons all available officers to respond and to be prepared to use force, the question is not whether a use of force was foreseeable, but whether the use of constitutionally excessive force was foreseeable. *See Morris v. Dearborne*, 181 F.3d 657, 672 (5th Cir. 1999) (in order to establish the defendant's liability, the plaintiffs must show that the defendant "set in motion events that would foreseeably cause the deprivation of plaintiffs' constitutional rights.") Even had Officer Thomas reasonably foreseen that a use of force would take place, there is no reason to suppose that she would have foreseen a use of excessive force which violated Plaintiff's constitutional rights. This objection is without merit.

Athey next contends that the assertion in his grievance stating that "Officer Thomas got irate and called an ICS," including her "irate screaming and goading of those officers to do just that," is an allegation that she asked the officers to use excessive force on him and that she could foresee that they would do so. However, both Lt. Killman and Sgt. Chandler outranked Officer Thomas, making it impossible that she could have ordered them to use force, much less excessive force. Even if Thomas was screaming at Athey or urging that force be used upon him, any use of excessive and unconstitutional force by Chandler and Killman was done at their own volition, and Athey has not shown that Thomas should be responsible for the actions of her supervisors. Nor does the fact that Thomas put out a call for help on the radio render the use of constitutionally excessive force foreseeable. *See Murray v. Earle*, 405 F.3d 278, 290 (5th Cir. 2005) (tortfeasors are relieved from liability if there exists a superseding cause, or an act of a third person or other force which by its intervention prevents the actor from being liable for harm to another which his antecedent wrongful act was a substantial factor in bringing about). Athey's objection on this point is without merit.

Athey argues that based on his foregoing claims, Officer Thomas is not entitled to qualified immunity. He also points to a pass he received to attend disciplinary court on October 26, 2015, and states that at this disciplinary hearing, Officer Thomas admitted to violating TDCJ rules and procedures. Athey contends that Thomas' admission violates his right to Eighth Amendment protection and disqualifies her from protection from qualified immunity.

The defense of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. In analyzing qualified immunity, the court first determines whether a constitutional right would have been violated on the facts alleged, and second, whether the right was clearly established at the time of the alleged violation. *Kinney v. Weaver*, 367 F.3d 337, 349-50 (5th Cir. 2004).

Even if Thomas violated TDCJ rules and regulations, this is not sufficient to overcome Thomas' invocation of qualified immunity. *McCreary v. Richardson*, 738 F.3d 651, 658 (5th Cir.

5

2014) (claim that a strip search violated TDCJ rules did not alter the qualified immunity analysis because TDCJ rules do not set the constitutional outer limits on strip searches); *Aguirre v. Owens*, civil action no. 6:08cv306, 2010 U.S. Dist. LEXIS 83757, 2010 WL 3239292 (E.D.Tex., August 16, 2010) (conclusory claim that officials falsified documents did not overcome qualified immunity whether or not they violated prison regulations). Athey's allegations, taken as true, do not show that Officer Thomas violated a clearly established constitutional right or that her conduct was objectively unreasonable in light of clearly established law. He has failed to overcome Officer Thomas' invocation of qualified immunity. Athey's objections are without merit.

## IV. Conclusion

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 72) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the Defendant Officer Tracey Thomas' motion for judgment on the pleadings (docket no. 42) is **GRANTED**. It is further

**ORDERED** that the Plaintiff's claims against Officer Thomas are **DISMISSED WITH PREJUDICE**. Officer Thomas is hereby **DISMISSED** as a party to this lawsuit. The dismissal of these claims shall have no effect upon the remaining claims or parties in this case.

So **ORDERED** and **SIGNED March 26, 2019.**

_____
Ron Clark, Senior District Judge